UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

XAVIER BALL,                           )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   16-3063
                                       )
STATE OF ILLINOIS, *et al.*            )
                                       )
            Defendants.                )

### MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pickneyville Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions of confinement related to his incarceration at Western Illinois Correctional Center. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff alleges that he endured inhumane conditions of confinement while incarcerated at Western Illinois Correctional Center ("Western"). Plaintiff makes only conclusory allegations and does not provide any detail regarding the conditions he alleges were unconstitutional and in violation of international law. Plaintiff alleges further that he has made attempts to make prison officials aware of these conditions to no avail.

## ANALYSIS

The standard for analyzing a conditions-of-confinement claim in the corrections context is well-established: a prison official is liable for denying a prisoner of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir.2008). The court must first determine whether the conditions at issue were "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S.

832, 834 (1994) (internal quotation marks omitted); see also Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir.2006). Jail conditions may be uncomfortable and harsh without violating the Constitution. See Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir.1997). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir.1996) (citing Farmer, 511 U.S. at 832). Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." Henderson v. Sheahan, 196 F.3d 849, 845 (7th Cir.1999) (quoting Hudson, 503 U.S. at 9).

Plaintiff has not alleged any specific details regarding his conditions of confinement. Conclusory statements that the conditions are unconstitutional are not sufficient to state a plausible claim. Therefore, the Court finds that Plaintiff has failed to state a constitutional claim. Plaintiff will be granted leave to file an amended complaint. Should Plaintiff choose to file an amended complaint, he must provide specific facts of the conditions he endured.

### Plaintiff's Motion to Request Counsel

Plaintiff filed a Motion to Request Counsel. (Doc. 5). Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its**

entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.

2) Plaintiff's Motion to Request Counsel [5] is DENIED.

ENTERED: April 19, 2016.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE