UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| XAVIER BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-3063 |
| | ) | |
| JEFF KORTE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pickneyville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions of confinement arising from his incarceration at Western Illinois Correctional Center. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment. (Doc. 24). The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

As an initial matter, Plaintiff did not file a response to Defendant's Motion for Summary Judgment despite the Court granting him additional time to do so. See Text Order entered October 30, 2017. Therefore, the Court will consider the facts asserted in Defendant's motion as undisputed for purposes of this ruling. Fed. R. Civ. P. 56(e)(2) (if a party fails to properly address

another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

Plaintiff was housed in segregation at Western Illinois Correctional Center ("Western") from November 12, 2015 through February 12, 2016. UMF 1, 5. Defendant Korte was the Warden. UMF 2. While so incarcerated, Plaintiff testified that the water from the faucet in his cell was gray with a foul odor when turned on. UMF 7. If Plaintiff allowed the water to run for approximately 30 seconds, then the water would turn clear without odor. *Id.* Plaintiff was able to drink the water. Pl.'s Dep. 11:3-4.

Plaintiff also testified that the plumbing in his cell caused bodily waste from an adjacent cell to come into his toilet. UMF 5. The plumbing issues did not cause the toilet to overflow and any waste remained in the toilet. UMF 6.

On one occasion, on a date Plaintiff cannot remember, Plaintiff woke up to a foul smell, vomited, and hit his head on a wall because he was weak. UMF 8. Plaintiff testified that he had access to medical and mental health care for any issues that arose. Pl.'s Dep. 18:22-21:21.

Plaintiff testified that he told Defendant Korte about these issues, but he does not remember the dates he did so. UMF 10. Defendant Korte allegedly responded that he would look into the issue. *Id.* Plaintiff also wrote a letter to Defendant Korte dated December 14, 2015. (Doc. 25-3 at 4). Plaintiff filed a grievance dated November 29, 2015. *Id.* at 2-3.

Plaintiff's counselor responded to the grievance, and Plaintiff thereafter sent the grievance to the Administrative Review Board ("ARB"). The ARB returned the grievance to Plaintiff, indicating that Plaintiff needed to attach the grievance officer's and Warden's response. *Id.* at 1.

## ANALYSIS

To prevail on an Eighth Amendment claim alleging unconstitutional conditions of confinement, a plaintiff must show that prison officials were deliberately indifferent towards an objectively serious risk of harm. Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). A prison condition is objectively serious if "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan,

511 U.S. 832, 834 (1994) (internal quotation marks omitted); <u>see</u>

<u>also</u> <u>Gillis v. Litscher,</u> 468 F.3d 488, 493 (7th Cir. 2006).

Jail conditions may be uncomfortable and harsh without violating the Constitution.  <u>See</u> <u>Dixon v. Godinez,</u> 114 F.3d 640, 642 (7th Cir.1997); <u>Snipes v. DeTella,</u> 95 F.3d 586, 590 (7th Cir.1996) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" (citing <u>Farmer,</u> 511 U.S. at 832)).  Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." <u>Henderson v. Sheahan,</u> 196 F.3d 849, 845 (7th Cir.1999) (quoting <u>Hudson,</u> 503 U.S. at 9).  Conditions of confinement that would not independently violate the Constitution, if endured simultaneously, may establish a sufficiently serious deprivation, but "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need...." <u>Wilson v. Seiter</u>, 501 U.S. 294, 304 (1991).

The exposure to human waste can be sufficient to show an objectively serious deprivation.  <u>Cf.</u> <u>Vinning-El v. Long</u>, 482 F.3d 923, 923-25 (7th Cir. 2007) (feces smeared on walls of cell); <u>Johnson v. Pelker,</u> 891 F.2d 136, 139-140 (7th Cir. 1989) (same);

DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste...evokes both the health concerns emphasized in Farmer, and the more general standards of dignity embodied in the Eighth Amendment.").

Plaintiff had running water in his cell and any bodily waste from the adjacent cell remained in the toilet. Plaintiff does not allege he was denied cleaning supplies, but if the waste never left the toilet, he would not have needed them. Further, the fact that Plaintiff's toilet did not overflow for the 90 days or so he remained in the cell, and because he does not allege he was denied a working toilet, no reasonable inference exists that his toilet was not functional, or that the plumbing was wholly ineffective in performing its primary function. With respect to the gray and foul-smelling water, Plaintiff testified that the problem resolved itself within 30 seconds if he allowed the faucet to run.

Plaintiff's situation is readily distinguishable from the cases where courts have found a sufficiently serious deprivation with regards to exposure to human waste. Compare Vinning-El v. Long, 482 F.3d 923, 923-25 (7th Cir. 2007) (feces and blood smeared on walls, water covered the floor, sink and toilet did not work, and

prisoner denied basic cleaning supplies); Johnson v. Pelker, 891 F.2d 136, 139-140 (7th Cir. 1989) (prisoner denied cleaning supplies while housed in cell with feces smeared on walls and no running water).  At best, Plaintiff can show that he was forced to endure foul odors, but this, on its own, does not suggest that Plaintiff was unable to maintain adequate hygiene or sanitation while housed in the cell.  Therefore, the Court finds that no reasonable juror could conclude that Plaintiff suffered the requisite deprivation.

Moreover, even if Plaintiff could show the requisite deprivation, he cannot hold Defendant Korte liable just because Defendant Korte was in charge.  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted).  A government official may not be held liable under § 1983 on a theory of respondeat superior, that is, for the unconstitutional acts of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  To be held liable, a government supervisor "must know about the conduct and facilitate it, approve

it, condone it, or turn a blind eye....." <u>Vance</u>, 97 F.3d at 993

(quoting <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff must, instead, show that Defendant Korte acted with

deliberate indifference. Liability attaches under the Eighth

Amendment when "the official knows of and disregards an excessive

risk to inmate health or safety; the official must both be aware of

facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference."

<u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

No inference arises that Defendant Korte knew about the

conditions via the grievance process—Plaintiff neither submitted the

grievance as an emergency, nor does the record disclose that he

sent it to the grievance officer. *See* 20 Ill. Admin. Code §§

504.810(d); 504.840 (a warden initially reviews grievances

submitted on an emergency basis, otherwise the normal process

requires submission to the grievance officer before the warden

reviews a grievance).

The letter Plaintiff sent describes the plumbing issue as "the

toilet problem" without reference to the faucet or any other issues.

Based on that description, Defendant Korte would not have been able to infer that Plaintiff faced a substantial risk of harm.

Finally, Plaintiff cannot establish when he spoke with Defendant Korte personally because he testified that he does not remember. The record does not contain any other evidence that suggests Defendant Korte was aware of a substantial risk to Plaintiff's safety, or that he consciously disregarded it.

Accordingly, the Court finds that no reasonable juror could conclude that Defendant Korte violated Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment [24] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for**

**appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     March 14, 2018.

FOR THE COURT:


_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE